## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **ELI GOTTESDIENER**, | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **08-CV-00618 (RCL)** |
| **v.** | : | |
| | : | |
| **INTERNAL REVENUE SERVICE,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

## MOTION FOR ENTRY OF DEFAULT,
## AND STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT

Pursuant to Fed. R. Civ. P. 55(a), Plaintiff, *pro se*, respectfully moves for an entry of default against the Internal Revenue Service ("IRS") which has failed to plead or otherwise defend as provided under the Federal Rules of Civil Procedure in this action brought under the Freedom of Information Act, 5 U.S.C. § 552 *et seq.* ("FOIA"), as amended.

In support of this motion, Plaintiff states:

1.      This FOIA action seeks to compel the IRS to process a request Plaintiff filed in January 2007.  As detailed in the Complaint, the request is straightforward and seeks documents which by statute must be made available for inspection.  Compl. ¶¶ 14-54.  Plaintiff wants to obtain a copy of the "plan document"  for defined benefit pension plans of the "cash balance" variety that have applied for tax qualified status but which the IRS has determined are in violation of Code § 417(e)'s requirements for calculating lump sum distributions to plan

participants. *Id.*[1] The Complaint details Plaintiff's efforts to simply get the IRS to begin to

process the request . All to no avail. *Id.*

2.      Plaintiff filed this action on April 9, 2008. Doc. 1. He filed an amended

complaint on April 15, 2008. Doc. 3.

3.      On April 16, 2008, the Clerk issued summons' for the IRS, the United States

Attorney for the District of Columbia ("U.S. Attorney") and the United States Attorney General.

*See* Docket Sheet, entry for April 16, 2008.[2]

4.      On April 17, 2008, Plaintiff's assistant served the summons and original and first

amended complaints via certified mail to: (1) the IRS at 1111 Constitution Avenue, N.W.,

Washington, D.C. 20224, **which acknowledged service on April 21, 2008** as evidenced by the

receipt card from the U.S. Postal Service for item No. 7006-2150-0001-8247-7882; (2) the U.S.

Attorney at 555 4th Street, N.W., Washington, D.C. 20530, who acknowledged service on April

28, 2008 as evidenced by the receipt card from the U.S. Postal Service for item No. 7006-2150-

0001-8247-7899; and (3) the Attorney General at United States Department of Justice,

Washington, D.C. 20530, who acknowledged service on April 23, 2008 as evidenced by the

---

[1] Plaintiff is an attorney who represents certain participants in defined benefit pension plans of the "cash balance" variety who dispute that such plans are or were in compliance with the requirements of the Internal Revenue Code (the "Code") and the Employee Retirement Income Security Act ("ERISA") during relevant times. Compl. ¶ 4. This Court certified Plaintiff as co-lead counsel for the class in *Wagener v. SBC Pension Benefit Plan Non-Bargained Program*, Civ. No. 03-769 (RCL) (D.D.C.), a case which after more than five years of litigation is finally nearing completion on terms favorable to the plaintiffs. *See Wagener* Doc. 98 (Joint Status Report, filed June 3, 2008, discussing parties' progress memorializing settlement agreement in principle).

[2] The Clerk issued three summons because to accomplish service on the United States, Fed. R. Civ. P. 4(i) requires the delivery of a copy of the summons and complaint to each of the following: (1) the United States Attorney for the district in which the action is brought or a designated Assistant United States Attorney or process clerk; (2) the Attorney General of the United States; and (3) the appropriate officer or agency of the United States when such person or entity is named as a defendant.

receipt card from the U.S. Postal Service for item No. 7006-2150-0001-8247-7875. *See* Doc. 4, Declaration of Candis Conover.

5.     Defendant's answer or motion was due May 21, 2008. *See* 5 U.S.C. § 552(a)(4)(C) (providing agency with 30 days to respond to a properly served FOIA complaint). It has not responded. To the contrary, on May 16, 2008, apparently believing Plaintiff was not serious when he informed the Service that it was leaving him no choice but to file this action, and after stringing him along for over a year with repeated promises it would finally begin processing his request, Defendant wrote Plaintiff informing him that the IRS was unilaterally "*closing your FOIA request*" on the spurious ground that another branch of the Service has "primary jurisdiction" over the records Plaintiff had requested. Ex. 1. This is government at its worst.

6.     In any event, Plaintiff is not now moving for entry of a default judgment, just entry of default. Fed. R. Civ. P. 55(a) provides that when a party against whom a judgment for affirmative relief is sought "fails to plead or otherwise defend as made to appear by affidavit or otherwise," the clerk shall enter the party's default. Fed. R. Civ. P. 55(a). Nevertheless, the decision to enter default lies within the district court's discretion. *Brown v. Weschler,* 135 F.Supp. 622, 624 (D.D.C. 1955).

7.     Service was properly effectuated and Defendant has had ample time beyond the missed deadline to seek leave to file an answer *nunc pro tunc.* Plaintiff would not have opposed such a request and depending on what explanation the Service offers for its failure to respond may still not oppose such a request. Either way, if good cause excuses Defendant's default, it can always seek relief under Rule 55(c). But at this point, all of the requirements of Rule 55(a)

have been amply met and while entry of default is discretionary with the Court, entry of default would be appropriate here.   The Court would be enforcing compliance with rules of procedure, thereby encouraging orderly and efficient judicial system, as well as protecting a party which has acted diligently, first to avoid litigation, and once forced to litigate, to proceed expeditiously and in accordance with Rules.  *E.g., Chandler Leasing Corp. v. UCC, Inc.*, 91 F.R.D. 81, 83 (N.D. Ill. 1981).

## Conclusion

Wherefore, for the reasons stated herein and for such reasons as may appear to the Court, Plaintiff respectfully submits the instant motion be granted.


Respectfully submitted


 */s/ Eli Gottesdiener*
Eli Gottesdiener (D.C. Bar No. 420764)
GOTTESDIENER LAW FIRM, PLLC
1025 Connecticut Avenue, N.W., Suite 1000
Washington, D.C. 20036
Email:  eli@gottesdienerlaw.com
Telephone:  (202) 243-1000
Facsimile:   (202) 243-1001

4

**Certificate of Service**

I hereby certify that this 11th day of June 2008 I caused this Motion for Entry of Default,

Memorandum of Points and Authorities in Support, and Proposed Order, to be served via first-

class mail upon the following:

Internal Revenue Service
1111 Constitution Avenue, N.W.
Washington, D.C.  20224


_/s James J. Gleason_
James J. Gleason



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

SMALL BUSINESS/SELF-EMPLOYED DIVISION

May 16, 2008

Mr. Eli Gottesdiener
Gottesdiener Law Firm, PLLC
498 7th Street
Brooklyn, NY 11215

Dear Mr. Gottesdiener:

This responds to your Freedom of Information Act (FOIA) request of January 18, 2007 received in our office on January 23, 2007.   We also received additional letters from you dated January 31, 2008, March 7, 2008, and May 2, 2008 that relate to your original request.

You are requesting documents that relate to cash balance pension plans.  The TEGE Customer Accounts Service in Cincinnati has primary jurisdiction over the plans you requested and will provide you the requested plans.  Therefore, we are closing your FOIA request in the HQ Headquarters Office (FOIA).   If you need more information, you may write to:

Internal Revenue Service
Attn:  Jennifer Frederick
Manager, EP Group 7525
P O. Box 2508
Room 4010
Cincinnati, OH 45201

We are returning your check in the amount of $500.00 (Check No. 478) dated January 31, 2008.

If you have any questions please call Sr. Disclosure Specialist Sharon E. Baker, ID # 50-00267, at (202) 283-0308 or write to: Internal Revenue Service, HQ Disclosure Office (FOIA), NCFB-C2-332, 5000 Ellin Road, Lanham, MD 20706.  Please refer to case number 03-2007-00302.

Sincerely,

*Marie A. Twarog for*

Janet R. Miner
Chief, Disclosure

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  | |
|---|---|
| **ELI GOTTESDIENER**, | : |
| **Plaintiff,** | : |
| **v.** | :     **08-CV-00618 (RCL)** |
| **INTERNAL REVENUE SERVICE,** | : |
| **Defendant.** | : |

### [proposed] O R D E R

Upon consideration of the motion by plaintiff for entry of default and the entire record herein, it is hereby

ORDERED, that the Clerk shall enter a default against Defendant in the above-entitled action.

_____
Royce C. Lamberth
United States District Judge