IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF COLUMBIA

| | |
|---|---|
| ELI GOTTESDIENER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 1:08-cv-618-RCL |
| ) | |
| INTERNAL REVENUE SERVICE, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION TO VACATE DEFAULT
AND FOR EXTENSION OF TIME TO ANSWER**

DEFENDANT, Internal Revenue Service, by and through its attorneys, moves the Court to vacate the Default entered by the Clerk on July 14, 2008, and to grant the defendant up to and including August 15, 2008, in which to file its answer or other responsive pleading to the complaint. In support of this motion, the defendant states:

1. On April 9, 2008, the plaintiff, Eli Gottesdiener, filed a complaint seeking access to records allegedly maintained by the Internal Revenue Service ("the Service"), pursuant to the Freedom Of Information Act ("FOIA"), 5 U.S.C., § 552. (doc. # 1.)

2. On June 11, 2008, plaintiff filed a motion for entry of default, and accompanying Declaration Of Candis Conover, requesting the entry of a default against the Service for allegedly failing to plead or otherwise defend this action, pursuant to Fed.R.Civ. P. 55(a). (doc. # 5.)

3. By Order entered on July 8, 2008, the Court ordered that "[u]pon consideration of the motion by plaintiff for entry of default and the entire record herein, it is hereby ORDERED, that the Clerk shall enter a default against Defendant in the above styled action." (doc. # 7.)

4. On July 14, 2008, in accordance with the Order entered on July 8, 2008, referred to in paragraph 3, above, the Clerk entered a Default against the defendant for having "failed to plead or otherwise defend this action though duly served with [a] summons and [a] copy of the complaint on April 4, 2008, and an affidavit on behalf of the plaintiff having been filed ... ." (doc. # 8.)

5. Notwithstanding the representations in the plaintiff's motion for entry of default, referred to in paragraph 2, above, the plaintiffs have failed to effect service of the summons and complaint on the defendant in accordance Fed.R. Civ.P. 4. Rule 4(i) sets forth the requirements of service of process upon the United States and its agencies and officers. The rule prescribes that service upon the United States shall be effected by delivering a copy of the summons and complaint to the United States Attorney by hand delivery or by registered or certified mail, and to the Attorney General of the United States by registered or certified mail. Fed.R.Civ.P 4(i)(1). Rule 4(i)(2) provides that service upon agencies is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by also sending a copy of the summons and complaint by registered or certified mail to the agency.

The plaintiffs have failed to serve the *Attorney General* in accordance with Rule 4(i)(2). The Tax Division of the U.S. Department of Justice, as of this date, has **not** received a copy of the summons and complaint, in accordance with the established practice when service of process is made on the Attorney General in a case in which the Tax Division has litigation responsibility. The defendant has not been properly served in accordance with Fed.R.Civ.P. 4, and, therefore, the Court lacks personal jurisdiction over the defendant. Indeed, service upon the United States, or, in this case, its agency, of a summons and complaint in the manner provided by the Federal

Rules of Civil Procedure is both mandatory and jurisdictional. *See e.g. Moncrief v. Stone*, 961 F.2d 595 (6th Cir. 1992) (dismissing suit for failure to serve United States Attorney).

6.   On May 5, 2008, plaintiff's counsel, Eli Gottesdiener, Esquire, filed a related case against the Service in this Court apparently raising similar matters under the FOIA. *See Eli Gottesdiener v. Internal Revenue Service*, No. 1-08-cv-799 (Leon, Richard J). Although clearly related to the instant action, Mr. Gottesdiener failed to designate civil action number 1-08-cv-799 as a related case pursuant to LCvR 40.5.

7.   In late June, 2008, immediately upon learning that the companion FOIA cases had been filed against the Service, defendant's counsel, Michael J. Salem, Esquire, made a telephone inquiry to Mr. Gottesdiener to discuss the plaintiff's failure to properly serve the United States as required by Fed.R.Civ.P. 4, and to designate civil action no. 1-08-cv-799 as a related case under LCvR 40.5. *As of this date, Mr. Gottesdiener has not returned Mr. Salem's telephone call.*

8.   Mr. Salem also forwarded a copy of the complaints in the two FOIA cases to the National Office of the Service and requested the National Office to prepare a litigation report for the cases, in accordance with the usual practice of the Tax Division, so that the two cases could be expeditiously litigated once the procedural defects were cured. The Service is preparing the litigation reports. It is anticipated that the litigation reports will be prepared in sufficient time to enable the defendant to file an answer or other responsive pleading to the complaint on or before **August 15, 2008**.

9.   Accordingly, the defendant respectfully requests the Court to vacate the Default entered on July 14, 2008, and to grant it an extension of time up to and including **August 15, 2008**, in which to file its answer or other responsive pleading to the complaint. The granting of

this motion will enable this case, and the related case, to be litigated expeditiously. A proposed Order Vacating Default And Granting Defendant An Extension Of Time To Answer is being filed with this motion for entry by the Court.

DATE: July 23, 2008.

Respectfully submitted,

/s/ Michael J. Martineau

DAVID A. HUBBERT
MICHAEL J. SALEM
MICHAEL J. MARTINEAU
Trial Attorneys, Tax Division
U. S. Department of Justice
Post Office Box 227
Washington, DC  20044
Telephone:  (202) 307-6483
michael.J.martineau@usdoj.gov
Attorney for Defendant

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing DEFENDANT'S MOTION TO VACATE ENTRY OF DEFAULT AND FOR EXTENSION OF TIME TO ANSWER was caused to be served upon plaintiffs' counsel on the 23rd day of July, 2008, in accordance with the Court's ECF procedures.

        Eli Gottesdiener
        GOTTESDIENER LAW FIRM
        1025 Connecticut Avenue, N.W., Suite 1000
        Washington, D.C. 20036
        Eli@gottesdienerlaw.com


        /s/ Michael J. Martineau

        MICHAEL J. MARTINEAU

3437222.1

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF COLUMBIA

| | |
|---|---|
| ELI GOTTESDIENER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   NO. 1:08-cv-618-RCL |
| | ) |
| INTERNAL REVENUE SERVICE, | ) |
| | ) |
| Defendant. | ) |

**ORDER VACATING DEFAULT
AND GRANTING DEFENDANT EXTENSION OF TIME TO ANSWER**

Upon consideration of the Defendant's Motion To Vacate Default And For Extension Of Time To Answer, and

The Court finding that good cause exists for the granting of said motion, it is hereby

ORDERED that the Defendant's Motion To Vacate Default And For Extension Of Time To Answer be and hereby is GRANTED; and it is further

ORDERED that the Default entered by the Clerk on July 14, 2008 (doc. # 4) be and hereby is VACATED; and it is further

ORDERED that the defendant, Internal Revenue Service, shall have up to and including **August 15, 2008,** in which to file its answer or other responsive pleading to the complaint.

SO ORDERED:

_____
ROYCE C. LAMBERTH
United States District Judge

CERTIFICATE OF SERVICE

    IT IS CERTIFIED that the foregoing ORDER VACATING DEFAULT AND GRANTING DEFENDANT EXTENSION OF TIME TO ANSWER was caused to be served upon plaintiffs' counsel on the 23rd day of July, 2008, in accordance with the Court's ECF procedures.

    Eli Gottesdiener
    GOTTESDIENER LAW FIRM
    1025 Connecticut Avenue, N.W., Suite 1000
    Washington, D.C. 20036
    Eli@gottesdienerlaw.com


    /s/ Michael J. Martineau
    _____
    MICHAEL J. MARTINEAU