IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ELI GOTTESDIENER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 1:08-cv-618-RCL |
| | ) | |
| INTERNAL REVENUE SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
TO VACATE DEFAULT AND FOR EXTENSION OF TIME TO ANSWER**

Plaintiff expends *20 pages* of disjointed text responding to our motion. This wasted effort would have been unnecessary and would have saved scarce judicial and taxpayer resources if Mr. Gottesdiener had simply acted in accordance with the usual practice of attorneys in this Court by returning Mr. Salem's telephone call in late June. 1/ Mr. Gottesdiener's explanation as to why he chose not to return Mr. Salem's telephone call is implausible. 2/

Moreover, plaintiff's argument that our motion to vacate is defective because it is not accompanied by a verified answer conveniently ignores the fact that the motion also requests that defendant be granted *an extension of time to file its answer* upon its receipt of the litigation report of the Internal Revenue Service. (Defendant's Motion ¶ 8). Indeed, the purpose of our motion, as stated therein, is to enable this case, and the related *Gottesdiener* case, to be litigated efficiently and expeditiously. 3/

---

1/ *See* Defendant's Motion To Vacate Default And For Extension Of Time To Answer (hereinafter "Defendant's Motion") at ¶ 7.

2/ *See* Opposition at p. 11, n. 6.

3/ *See* Defendant's Motion ¶ 9.

Finally, plaintiff's opposition to Defendant's Motion is of no legal effect in the context of this case. Defendant's Motion creates a fact issue regarding whether plaintiff has effected service of the summons and complaint on the *Attorney General* in accordance with Fed.R.Civ.P. 4(i)(2). 4/ The Court, however, need not resolve this factual dispute. Rule 55(d), Federal Rules of Civil Procedure, states that "[a] default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court." Fed.R.Civ.P. 55(d). *See Youming Jin, et al. v. Ministry of State Security, et al.*, 2008 U.S. Dist. LEXIS 43209 (D.D.C., June 3, 2008) (and cases cited therein). The courts have held that "mere failure of the United States to answer a complaint is no ground for entry of judgment against it." *Fedor v. Ribicoff*, 211 F.Supp. 520 (E.D. Pa. 1962); *See also United States v. Zulli*, 418 F.Supp 252 (E.D. Pa. 1985) (government's failure to respond within 60 day period did not constitute sufficient evidence for default judgment);

It can only be imagined what plaintiff hopes to achieve by opposing Defendant's Motion, which, if granted, will place this case on track  for an expeditious and efficient disposition on the merits. Plaintiff apparently believes that delaying disposition on the merits advances his interests. The Court should not countenance such delay. Accordingly, the Court should grant Defendant's Motion To Vacate Default And For Extension Of Time To Answer. 5/

---

4/ *See* Defendant's Motion ¶ 5.

5/ The Court should be made aware that by minute order entered on July 25, 2008, in the related case, *Gottesdiener v. Internal Revenue Service*, No. 1:08-cv-799-RJL (D.D.C.), district judge Richard J. Leon **granted** the Government's motion to set time to answer and ordered that the Government shall have up to and including **August 15, 2008**, in which to file its answer or other responsive pleading.

3491893.1

DATE: August 8, 2008.

Respectfully submitted,

/s/ Michael J. Martineau

_____
DAVID A. HUBBERT
MICHAEL J. SALEM
MICHAEL J. MARTINEAU
Trial Attorneys, Tax Division
U. S. Department of Justice
Post Office Box 227
Washington, DC  20044
Telephone:  (202) 307-6483
michael.J.martineau@usdoj.gov
Attorney for Defendant

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

<u>CERTIFICATE OF SERVICE</u>

IT IS CERTIFIED that the foregoing REPLY TO PLAINTIFF'S OPPOSITION TO

DEFENDANT'S MOTION TO VACATE ENTRY OF DEFAULT AND FOR EXTENSION OF

TIME TO ANSWER was caused to be served upon plaintiffs' counsel on the 8th day of August,

2008, in accordance with the Court's ECF procedures.


        Eli Gottesdiener
        GOTTESDIENER LAW FIRM
        1025 Connecticut Avenue, N.W., Suite 1000
        Washington, D.C. 20036
        Eli@gottesdienerlaw.com


        /s/ Michael J. Martineau
        _____
        MICHAEL J. MARTINEAU

3491893.1