IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ELI GOTTESDIENER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 1:08-cv-618-RCL |
| | ) | |
| INTERNAL REVENUE SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

In our opening brief, we demonstrated that under the rule established by the Court of Appeals for the District of Columbia Circuit in *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57 (D.C. Cir. 1990), plaintiff's failure to administratively appeal the responses of the Internal Revenue Service ("the Service") to his request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, constitutes failure to exhaust his administrative remedies under 5 U.S.C. § 552(a)(6)(c)(i). The Court, therefore, lacks subject matter jurisdiction, and must dismiss this action, pursuant to Fed.R.Civ.P. 12(b)(1). 1/

Plaintiff contends that *Hidalgo v. FBI*, 344 F.3d 1256 (D.C. Cir. 2003) governs this suit and requires a contrary result. Plaintiff's interpretation of *Hildago* has been consistently rejected by the courts in the context of FOIA suits, and should be disregarded. Further, *plaintiff concedes, as he must*, that he did **not** exhaust his administrative remedies by filing an administrative appeal before filing this suit. The Court lacks subject matter jurisdiction, and should dismiss this action.

---

1/  In Defendant's Motion To Dismiss (Doc. # 13), defendant moved the Court pursuant to Fed.R.Civ.P. 12(b)(6) to enter an order dismissing the complaint on the ground that the Court lacks subject matter jurisdiction under the FOIA. The reference to Rule 12(b)(6) was in error. The proper reference is Fed.R.Civ.P. 12(b)(1). (Memorandum in Support of Defendant's Motion to Dismiss ("Def. Mem.") at 4.)

1. <u>The Exhaustion Requirement Enunciated in *Oglesby* Governs This Suit</u>

It is well established that administrative remedies must be exhausted prior to judicial review under the FOIA. When a plaintiff attempts to obtain judicial review without first properly undertaking full and timely exhaustion, the FOIA suit is subject to ready dismissal because "exhaustion of administrative remedies is a mandatory prerequisite to a lawsuit under FOIA." Exhaustion allows top level agency officials to correct possible mistakes made at lower levels and thereby avoid unnecessary judicial review. (Def. Mem. at 3.) *See Oglesby*, 920 F.2d at 61; *Wilbur v. CIA*, 355 F.3d 675, 676 (D.C. Cir. 2004).

Plaintiff, however, relying on *Hildago*, contends that dismissal for failure to exhaust under the FOIA is discretionary, not mandatory, and may only be asserted by the government under Fed.R.Civ.P. 12(b)(6). (Opposition at 9 - 10). Plaintiff's contention in the context of this suit is unavailing. Many courts have held that dismissal is appropriate under Rule 12(b)(1), treating exhaustion under the FOIA as essentially the same as a jurisdictional requirement. (Def. Mem. at  3.) *See Dettman v. Dep't of Justice, 802 F.2d 1472, 1477 (D.C. Cir. 1986); Crooker v. Secret Service, 577 F.Supp. 1218, 1219-20 (D.D.C. 1983); McDonnell v. United States*, 4 F.3d 1227, 1240 & n. 9 (3d Cir. 1993); *Hymen v. Merit Systems Protection Board*, 799 F.2d 1421, 1423 (9th Cir. 1986).

This approach - inasmuch as exhaustion of administrative remedies is required by the Administrative Procedures Act, 5 U.S.C. § 704 (authorizing judicial review only of "[a]gency action made reviewable by statute and every final agency action for which there is no other adequate remedy in a court"), of which the FOIA is a part - is well founded.  Indeed, even those courts that term exhaustion as "prudential" in nature because the FOIA itself does not expressly

require it nevertheless enforce the administrative exhaustion principle under the FOIA, albeit sometimes viewing Rule 12(b)(6) as the appropriate vehicle for dismissal. *Hildago*, 344 F.3d at 1258-59; *Taylor v. Appleton*, 30 F.3d 1365, 1367 n. 3 (11th Cir. 1994); *Scherer v. Balkema*, 840 F.2d 437, 443 (7th Cir. 1988).

Plaintiff's suggestion to the contrary, *Hildago* supports application of the exhaustion requirement to the FOIA. In *Hildago*, the court noted that "it is true ... that the exhaustion requirement is not jurisdictional because the FOIA does not unequivocally make it so."*Id.* at 1258 (citation omitted.) The court also noted, however, that "[n]onetheless, as a jurisprudential doctrine, failure to exhaust precludes judicial review if the 'the purposes of exhaustion' and the 'particular administrative scheme' support such a bar." *Id.* at 1258, citing *Oglesby*, 920 F.2d at 61.

The court found both factors present under the FOIA. First, the court found that "the FOIA's administrative scheme favors treating failure to exhaust as a bar to judicial review." *Hildago*, 344 F.3d at 1259. Second, the court found that permitting plaintiff to pursue judicial review without benefit of prior agency consideration would undermine "the purposes of exhaustion, namely 'preventing premature interference with agency processes, ... afford[ing] the parties and the courts the benefit of [the agency's] experience and expertise, ... [or] compil[ing] a record which is adequate for judicial review." *Id.*, citing *Ryan v. Bentsen*, 12 F.3d 245, 247 (D.C. Cir. 1993) (quoting *Weinberger v. Salfi*, 422 U.S. 749, 765 (1975).

Here, as in *Hildago*, both factors are present. The administrative scheme under the FOIA favors treating failure to exhaust as a bar to judicial review, as long recognized by the District of Columbia Circuit in *Oglesby.* Moreover, to permit plaintiff to pursue judicial review without

having the benefit of prior agency consideration would undermine the purposes of exhaustion; i.e., affording the parties and the Court the benefit of the Service's expertise in processing FOIA requests, and compiling a record adequate for judicial review. Under these circumstances, plaintiff's failure to exhaust his administrative remedies precludes judicial review under FOIA. *See Taylor,* 30 F.3d at 1367 n.3 (stating that an unexhausted FOIA claim "should have been dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted"); *Scherer,* 840 F.2d 437 at 443 (ruling that plaintiff failed to state a claim when he failed to allege exhaustion of administrative remedies); *Bestor v. CIA*, No. 04-2049, 2005 WL 3273723, at *3 (D.D.C. Sept. 1, 2005) (dismissing complaint under Rule 12(b)(6) where plaintiff failed to "allege or demonstrate" that he exhausted his administrative remedies).

Regardless of the stated basis for dismissal, then, when a requester attempts to seek judicial review before the agency has had an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision, the complaint should be dismissed for failure to exhaust administrative remedies. *See Judicial Watch, Inc. v. FBI*, 190 F.Supp.2d 29, 33 (D.D.C. 2002) (citing *Oglesby*, 920 F.2d at 61-62); *Makuch v. FBI*, No. 99-1094, 2000 WL 915640, at * 2 (D.D.C. Jan. 5, 2000) (Under FOIA, a party must exhaust available administrative remedies before seeking judicial review.)

  2. <u>Plaintiff Concedes That He Failed To File An Administrative Appeal</u>

Plaintiffs **concedes** that he **attempted to**, but did **not**, file an administrative appeal of the Service's responses to his FOIA request. He states that he "attempted to file an appeal from the *de facto* denial of Plaintiff's January 18, 2007 request by letter dated September 27, 2007. Compl. ¶ 34; Ltr. Dated Sept. 27, 2007, attached hereto as Ex. 2. *In response to this attempted*

*appeal*, the government told Plaintiff, in a letter dated October 24, 2007, that his sole remedy was to file suit because the government's failure to timely respond to his request could not be appealed administratively. See Compl. ¶ 34; Ltr. Dated Oct. 24, 2007, Ex. 3." (Opposition at 9, Statement of Facts ¶ 9.) (emphasis supplied.)

Plaintiff concedes, as he must, that he unsuccessfully attempted to file an appeal under the FOIA. Plaintiff fails to acknowledge that his attempted appeal was in direct contravention of the regulations governing FOIA appeals. The Service's October 24, 2007, letter explained that "[u]nder the Department of Treasury's revised FOIA regulations, at 31 C.F.R. Section 1.5(f), a lack of a timely response is not a valid reason for filing an administrative appeal. See 65 FEDERAL REGISTER 405-3-40516 (June 30, 2000.)"  (Opposition at 7, Ltr. Dated Oct. 24, 2007, Ex. 3.) Plaintiff's attempted appeal was not in compliance with the regulations governing administrative appeals under the FOIA. As such, the Service properly advised him that "... there is no basis for an administrative appeal under these circumstances...." *Id.* Thus, in this case, it is undisputed, as demonstrated by plaintiff's own admission and documents produced by him, that he failed to file an administrative appeal of the Service's responses to his FOIA request.

3. <u>The Court Lacks Subject Matter Jurisdiction and Must Dismiss This FOIA Suit</u>

Plaintiff 's *failure to appeal* the Service's responses to his request constitutes failure to exhaust his administrative remedies under *Oglesby*. Indeed, even those courts, like *Hildago*, that term exhaustion as "prudential" in nature because the FOIA itself does not expressly require it, nevertheless enforce the administrative exhaustion principle under FOIA. *See Taylor*, 30 F.3d at 1367 n. 3; *Judicial Watch*, 190 F.Supp. 2d at 33 (citing *Oglesby*, 920 F.2d at 61-62). The Court, therefore, lacks subject matter jurisdiction to entertain the complaint, and must dismiss this suit.

DATE: August 26, 2008.

Respectfully submitted,

/s/ Michael J. Martineau
_____
DAVID A. HUBBERT
MICHAEL J. SALEM
MICHAEL J. MARTINEAU
Trial Attorneys, Tax Division
U. S. Department of Justice
Post Office Box 227
Washington, DC 20044
Telephone: (202) 307-6483
michael.J.martineau@usdoj.gov
Attorney for Defendant

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS was caused to be served upon plaintiffs' counsel on the 26th day of August, 2008, in accordance with the Court's ECF procedures.

        Eli Gottesdiener
        GOTTESDIENER LAW FIRM
        1025 Connecticut Avenue, N.W., Suite 1000
        Washington, D.C. 20036
        Eli@gottesdienerlaw.com


        /s/ Michael J. Martineau

        MICHAEL J. MARTINEAU